# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:11-CR-26-TLS |
| | ) | |
| BILLY J. GONZALEZ | ) | |

## OPINION AND ORDER

The Defendant, Billy J. Gonzalez, requested appointment of counsel to review his case for determination of whether he qualified for a reduction in his sentence pursuant to Amendment 782 of the United States Sentencing Guidelines. Although the Court is not authorized to appoint counsel under the Criminal Justice Act for any offender seeking sentence modification under Amendment 782 to the Sentencing Guidelines, the Federal Community Defender's Office volunteered its services and counsel entered an appearance on behalf of the Defendant. However, upon review, counsel determined that it would not be appropriate to file a petition for a reduction, and, on September 8, 2015, filed a Notice to the Court [ECF No. 441] and a Motion to Withdraw [ECF No. 442]. The Defendant has not responded, and the time for doing so has passed. *See* Order, ECF No. 428 (setting 30 days as the deadline for the Defendant to respond to any motion to withdraw). For the reasons stated below, the Court finds that the Defendant is not eligible for a reduction.

The Defendant pleaded guilty to knowingly conspiring to distribute and to possess with intent to distribute cocaine. The Defendant's Plea Agreement contained the following term:

> The United States and I agree that I should receive a sentence of 135 months on Count 1. The above-mentioned agreement that I should receive a sentence of 135 months on Count 1 is a binding agreement pursuant to Rule 11(c)(1)(C). In consideration for this agreement, I agree that I will not seek any further reduction in my sentence under 18 U.S.C. § 3582(c) for any future amendments to §2D1.1 of the U.S. Sentencing Guidelines.

(Plea Agreement ¶ 8(c), ECF No. 262.) The Defendant's total offense level under the Sentencing Guidelines was 33 and his criminal history category was I, resulting in an imprisonment range of 135 to 168 months. On September 4, 2014, the Court accepted the Plea Agreement and sentenced the Defendant to 135 months.

Courts have limited authority to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c); *United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014) ("A term of imprisonment is a final judgment that can only be modified in limited circumstances."). Title 18 U.S.C. § 3582(c)(2) permits a defendant to move for a sentence reduction if he was sentenced to a term of imprisonment "based on" a Guidelines sentencing range that has subsequently been lowered by retroactive amendment. Here, the Defendant's sentence was not based on a Guideline range, but on an agreed term of imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which permits parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case." Fed. R. Crim. P. 11(c)(1)(C). Generally, a sentence imposed pursuant to a binding plea agreement under Rule 11(c)(1)(C) is based on that agreement, not on the Guideline range, so that no relief is available under § 3582(c)(2). *Freeman v. United States*, 131 S. Ct. 2685, 2696 (2011) (Sotomayor, J., concurring) ("The term of imprisonment imposed by the sentencing judge is dictated by the terms of the agreement entered into by the parties, not the judge's Guidelines calculation."); *United States v. Dixon*, 687 F.3d 356, 359 (7th Cir. 2012) (applying *Marks v. United States*, 430 U.S. 188, 193 (1977), to conclude that Justice Sotomayor's concurrence is controlling). Although two limited exceptions apply for when the parties "agree that a specific . . . sentencing range is the appropriate disposition of the case" *id.* at 2697 (quoting Fed. R. Civ. P. 11(c)(1)(C)), or when the plea agreement itself "make[s] clear that

the basis for the specified term" is the applicable Guideline range *id.* at 2697 (stating that the "sentencing range [must be] evident from the agreement itself"), neither exception applies in this case.

Further, the Defendant specifically agreed that in consideration of the agreed term, he would "not seek any further reduction" in his "sentence under 18 U.S.C. § 3582(c)(2) for any future amendments to § 2D1.1 of the U.S. Sentencing Guidelines." (Plea Agreement ¶ 8(c)). Plea agreements are interpreted in accordance with ordinary principles of contract law. *United States v. Monroe*, 580 F.3d 552, 556 (7th Cir. 2009). "Therefore, when a plea agreement is unambiguous on its face, this court generally interprets the agreement according to its plain meaning." *Id.* Under the terms of the Plea Agreement, the Defendant clearly and unambiguously waived his right to seek modification of his sentence under 18 U.S.C. § 3582(c)(2). The Defendant does not suggest that he entered into the Agreement with the Government unknowingly or involuntarily. *Cf. United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007) ("We will enforce a plea agreement's appellate waiver if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement.").

In consideration of the Defendant's Plea Agreement with the Government, counsel's Motion to Withdraw is well taken.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Motion to Withdraw [ECF No. 442]. The Clerk is DIRECTED to terminate the appearance of attorney Thomas N. O'Malley from this cause.

SO ORDERED on October 28, 2015.

        s/ Theresa L. Springmann
       THERESA L. SPRINGMANN
       UNITED STATES DISTRICT COURT